FILED

2015 DEC 11  PM 3: 25

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**SHADE TREE APARTMENTS, LLC,**
**Plaintiff,**

-vs-                                                                 **Case No.  A-15-CA-843-SS**

**GREAT LAKES REINSURANCE (UK) PLC,**
**PHILIP A. KNOX, SENECA INSURANCE**
**COMPANY, INC., ALAN RUSCHER,**
**Defendants.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Seneca Insurance Company, Inc.'s Notice of Removal [#1]; Plaintiff Shade Tree Apartments, LLC's Opposed Motion to Remand [#8]; and Defendant Seneca's Response [#10] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders GRANTING Shade Tree's motion.

### Background

This is an insurance coverage dispute arising out of damage caused by two separate wind and hailstorms. Plaintiff Shade Tree Apartments, LLC is the owner of real property located at 495 South Polk Street, Giddings, Texas 78924/348 E. Industry Street, Giddings, Texas 78924 (the Property). Once on May 25, 2011, and again on April 27, 2014, storms caused severe damage to the Property. Shade Tree submitted a claim for roof and water damage caused by the May 25, 2011 storm to Great Lakes Reinsurance (UK) PLC, pursuant to a policy effective February 8, 2011, to February 8, 2012, and separately filed a claim for roof and water damage caused by the April 27, 2014 storm to



Defendant Seneca Insurance Company, Inc. pursuant to a later-issued policy effective February 8, 2014, to February 8, 2015.

After receiving notice of loss, Great Lakes sent its claim adjuster, Philip A. Knox, and Seneca sent its claim adjuster, Alan Ruscher,[1] to investigate the respective claims. Shade Tree alleges Knox and Ruscher, acting independently of each other, performed substandard, outcome-oriented investigations and misrepresented the amount of covered damages under their respective policies. *See* Notice Removal [#1-3] Ex. 2 (Orig. Pet.) ¶¶ H, S. Shade Tree specifically alleges Knox failed to provide updates regarding the status of the claim, purposefully delayed re-inspection of the property, and failed to provide a supplemental estimate of repair costs he had orally agreed were covered under the policy. *Id.* ¶ I. Shade Tree alleges Ruscher relied on an unreliable third-party investigation to determine the damage found by the engineer was caused by a storm outside the policy period. *Id.* ¶ U. As a result of the adjusters' misconduct, Shade Tree alleges Great Lakes and Seneca undervalued and wrongfully denied Shade Tree's claims, leaving Shade Tree unable to properly and completely repair damages caused by the storm, causing additional damage to the Property. *See id.* ¶¶ J, X.

On August 13, 2015, Shade Tree, a Texas resident, filed suit against Great Lakes, Seneca, Knox and Ruscher in the 335th Judicial District Court of Lee County, Texas. *See id* at 1. Shade Tree alleges Knox and Ruscher are Texas citizens and Great Lakes and Seneca are not. *Id.* at 1–2. Shade Tree asserts breach of contract claims against Great Lakes and Seneca; claims for negligence,

---

[1] According to Shade Tree, Alan Ruscher was not a licensed adjuster in Texas, *See* Notice Removal [#1-3] Ex. 2 (Orig. Pet.) ¶ T. Defendants disabused the Court of this allegation in their response to Shade Tree's motion to remand, *see* Resp. [#10] at 5 n.2, and thus the Court will not consider it for purposes of the instant motion.

gross negligence and negligent misrepresentation against Knox and Ruscher; and Texas Insurance Code violations as well as claims for breach of duty of good faith and fair dealing, fraud, conspiracy, and aiding and abetting against all four Defendants. Shade Tree also asserts violations of the Texas Deceptive Trade Practices Act specifically against Great Lakes and Knox. *Id.* at 11–22.

On September 18, 2015, Seneca removed the case to this Court, arguing Ruscher and Knox, the two non-diverse defendants, were improperly joined and this Court could therefore exercise diversity jurisdiction over Shade Tree's claims. Notice Removal [#1] at 2–4. On November 4, 2015, Shade Tree filed the instant Motion to Remand on the grounds there is not complete diversity. Mot. Remand [#8]. The motion is ripe for consideration.

## Analysis

### I.     Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have original jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

-3-

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[2] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted). The test for improper joinder relevant to this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

"A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). Courts assess whether a plaintiff has a reasonable basis for recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. Generally, if the plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.* However, if the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,] . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* In all cases, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case," and the "party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 573, 574.

---

[2] Similarly, § 1441(b) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought. Thus, an improper joinder makes § 1441(b) inapplicable.

## II.    Application

Shade Tree moves to remand this case back to state court for the following reason: there is not complete diversity between the parties because Defendants Knox and Ruscher, the insurance adjusters, are citizens of Texas. Specifically, Shade Tree argues its original petition alleges at least one viable cause of action against the non-diverse defendants and, as such, Defendants have failed to meet their heavy burden of establishing Knox and Ruscher were improperly joined. Defendants, of course, disagree. Defendants argue Knox and Ruscher were improperly joined because there is "no possibility of recovery" against them as Shade Tree failed to allege any specific actionable conduct by either adjuster and Texas law does not provide for recovery against adjusters in these circumstances.

The sole question before the Court is whether Defendants have shown Shade Tree has no possibility of succeeding on any claim against Knox and Ruscher. *See Smallwood*, 385 F.3d at 573. To answer this question, the Court must apply the Texas "fair notice" pleading standard in examining Shade Tree's original petition. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 800 F.3d 143, 149 (5th Cir. 2015) (holding state court petitions should be analyzed under the Texas fair notice pleading standard for purposes of improper joinder analysis); *see also Sai Hotel Grp. Ltd. v. Steadfast Ins. Co.*, No. W-15-CV-263, 2015 WL 6511434, at *3–4 (W.D. Tex. Oct. 27, 2015). Under the Texas "fair notice" pleading standard, the petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47. The rule has been interpreted such that "the pleading need only allow 'an opposing attorney of reasonable competence . . . [to] ascertain the nature and basic issues of controversy and testimony probably relevant.'" *Int'l Energy*, 800 F.3d at 149 (quoting *Hayden v. Allstate Tex. Lloyds*, No. H-10-646,

2011 WL 340388, at *7 (S.D. Tex. Jan 20, 2011)). Even conclusory or "bare bones" pleadings must be upheld as long so the opposing party can reasonably infer a cause of action from what is specifically stated in the petition. *See Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *3 (S.D. Tex. Dec. 8, 2010) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)).

Shade Tree asserts claims against Knox and Ruscher for violations of the Texas Insurance Code as well as for breach of good faith and fair dealing, fraud, conspiracy, aiding and abetting, negligence, gross negligence, and negligent misrepresentation. Shade Tree also brings a claim for violations of the DTPA against Knox. Despite the inclusion of numerous claims against Knox and Ruscher, Shade Tree devotes substantially all of its remand motion to establishing a cause of action against the adjusters for violations of the Texas Insurance Code. Shade Tree relegates any defense as to the basis of its remaining claims to a single footnote on the final page of its memorandum. *See* Mot. Remand [#8] at 10 n.1 ("Plaintiff also alleges additional allegations against Knox and Ruscher, including, but not limited to, negligence and negligent misrepresentation. These claims are actionable against Knox and Ruscher. Great Lakes and Knox have no basis to argue otherwise."). Because the Court finds there is a possibility of recovery as to Knox and Ruscher for violations of the Texas Insurance Code, it need not address the remaining claims.

An insurance adjuster may be held liable for deceptive or misleading acts in violation of the Texas Insurance Code. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Liability attaches both to adjusters employed directly by an insurance company and independent contractors. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 483, 485 (Tex. 1998). The issue is thus whether Shade Tree has alleged sufficient facts to support a reasonable basis to predict recovery against either Knox or Ruscher under this theory of liability.

Shade Tree specifically alleges the non-diverse defendants engaged in false, misleading, and deceptive acts and unfair settlement practices in violation of Chapter 541 of the Texas Insurance Code by: (1) "misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue," TEX. INS. CODE. § 541.060(a)(1); (2) "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear," *id.* § 541.060(a)(2); (3) "failing to provide Plaintiff with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement," *id.* § 541.060(a)(3); (4) "failing to affirm or deny coverage within a reasonable amount of time," *id.* § 541.060(a)(4); and (5) "refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *id.* § 541.060(a)(7). *See* Orig. Pet. ¶ D. Shade tree also alleges Knox and Ruscher "violated Section 542 by failing to accept or reject [it's] claim in writing within the statutory timeframe . . . [and] by failing to pay [it's] claim within the statutory period." Orig. Pet. ¶ B.

Evaluating Shade Tree's original petition in light of the lenient Texas fair notice pleading standard, the Court concludes Seneca has not met its heavy burden of demonstrating there is no reasonable basis for recovery against either Knox or Ruscher. As to both Knox and Ruscher, Shade Tree alleged the following identical allegations, substituting the relevant party names and details for each defendant:

> Defendant Knox was the agent for Great Lakes and represented Great Lakes in regard to Plaintiff's claim. Knox also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. . . .

> Defendant Knox improperly adjusted the Plaintiff's claim. Defendant Knox conducted a substandard inspection, which is evidenced in his report, which failed

to include many of Plaintiff's damages.  His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Knox misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.  Knox made these and other misrepresentations to Plaintiff as well as to Great Lakes.   Plaintiff and Great Lakes both relied on Knox's misrepresentations, including but not limited [sic] those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.  Knox's misrepresentations caused Great Lakes to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.  This has caused additional, further damage to Plaintiff's property.  Knox also advised Plaintiff as to how the Property could be repaired so as to prevent further damage to Plaintiff's Property.  This advice was negligent and false because it turns out Plaintiff could not properly repair the Property and prevent future damage by following Knox's advice.  Plaintiff's Property has sustained further damages as a result. . . .

Defendants Great Lakes and Knox misrepresented that the damages caused by the wind and hailstorm were only $182,362.03.   However, Defendants' misrepresentations were false because Plaintiff's wind and hailstorm damages far exceed this amount and were caused by a covered occurrence. . . .

Defendants Great Lakes and Knox failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

*See* Orig. Pet. [#1-3] ¶¶ G, H, J, K.

As Defendants insist, these conclusory allegations, standing alone, are a formulaic recitation of the elements of a claim for violating the Texas Insurance Code and would not give rise to liability for failure to enhance their generic pleadings with any actionable facts. *See, e.g.*, *Plascencia v. State Farm Lloyds et. al.*, No. 4:14-cv-524-A (N.D. Tex. Sept. 25, 2014).  Indeed, these same boilerplate allegations have been made by the law firm currently representing Shade Tree in myriad other state court suits, which "provides a strong suggestion that in each of those cases the filing law firm set upon a course of trying to prevent removal to federal court. *Id.* at 16.  However, the original petition

in this case includes more specific allegations of wrongful conduct by Knox and Ruscher beyond the boilerplate pleadings presented in *Placensia*. The Court refuses to impute improper motives on the law firm representing Shade Tree merely because it has been found to have improperly joined adjusters in the past.[3]

> With regard to Knox, Shade Tree alleges the following specific conduct:

> Mr. Knox acknowledged additional items were that were not included in his estimate. This included, without limitation, some decking for the roofs, work on the meter masts, and overhead and profit. Based on the representations of Mr. Knox, the insured believed that a supplemental estimate was to be provided for approval within a week. As of the date of this suit, no supplemental estimate has been provided for review or approval by the insured.

Orig. Pet. [#1-3] ¶ H. With regard to Ruscher, Shade Tree alleges:

> Defendants Seneca and Ruscher . . . misrepresented that the damages caused by the hail and windstorm were not covered under the Policy. Defendants relied on an unreliable investigation by Nelson Forensics to determine that the damages found by the engineer were in fact caused by a storm outside the policy period. Based on the engineer's report, he performed a hail search over a 10-year period at that location. According to his findings, there were only 3 dates that produced hail in close proximity to the property. From this hail data, he asserted that the damage occurred on the only date outside the policy period. His complete and intentional disregard for the significant hail that fell the same distance from the property during the policy period not only shows the outcome-oriented investigation but establishes the unreliability of his report as well as his lack of expertise.

*Id.* ¶¶ T, U. These *additional* factual allegations are sufficient to provide Knox and Ruscher with fair notice of the claims against them for violations of § 541 of the Texas Insurance Code. Shade Tree has specifically outlined the way in which Knox and Ruscher failed to properly adjust its claims: in Knox's case, by allegedly misrepresenting that payment for some decking on the roof,

---

[3] Defendants argue Ruscher was not a citizen of Texas at the time Shade Tree filed suit and therefore his presence does not defeat diversity, and alternatively, Shade Tree's failure to properly serve Ruscher is evidence the adjusters' joinder is merely a ploy to stay out of federal court. *See* Resp. [#10] at 5. Even if true, this argument does not change the outcome here because Knox, a citizen of Texas who has been properly served, remains a party-defendant to this suit, thereby destroying complete diversity.

work on the meter masts, and overhead and profit would be included in a new estimate of covered benefits and then failing to provide such an estimate and to respond to Shade Tree's inquiries in a timely manner, and in Ruscher's case, by purposefully ignoring hail storms occurring during the policy period and then by misrepresenting that the cause of the wind and hail damage was a storm that occurred outside the policy period. *See, e.g., Birch v. Stillwater Ins. Co. et al.*, No. 5:15-cv-448-DAE, 2015 WL 5125885, at *4 (W.D. Tex. Sept. 1, 2015) (finding substantially similar allegations sufficient to state a claim against a non-diverse adjuster where the plaintiff alleged that the adjuster "failed to properly document all of Plaintiff's damages, including misrepresenting the shingle damage on Plaintiff's roof, which affected his estimate of the claim and the benefits that [the insurance company] ultimately paid out to Plaintiff").

Defendants argue Shade Tree cannot recover against the non-diverse adjusters for violations of the Texas Insurance Code as matter of law based on a recent line of cases holding that adjusters can only be liable if they misrepresent the scope of the coverage or have settlement authority on behalf of the insurer. *See, e.g., One Way Invests., Inc. v. Century Sur. Co.*, No. 3:14-CV-28390-D, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014). If controlling, the holding in *One Way* would foreclose recovery against Knox and Ruscher because Shade Tree does not allege the two non-diverse defendants misrepresented details about the policy itself or otherwise had any settlement authority on behalf of Great Lakes and Seneca. However, decisions since *One Way* have cast doubt on its reasoning. In *Linron Properties, Ltd. v. Wausau Underwriters Insurance Co.*, for example, the court explained that § 541.060(a)(2)(A)'s statutory language suggests adjusters may be liable under the section even if they do not have settlement authority. Section 541.060(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement." No. 3:15-cv-

00293-B, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015).  Drawing on the definition of the word "effectuate," the *Linron* court explained that "[t]he fact that the statute uses the word 'effectuate' rather than a word that conveys finality (e.g., finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim," including adjusters. *Id.* at *5; *see also Exchange Servs. Inc. v. Seneca Ins. Co., Inc.*, No. 3:15-cv-01873-M, 2015 WL 6163383, at *4–5 (N.D. Tex. Oct. 16, 2015) (finding viable causes of action against adjusters under Chapter 541 of the Texas Insurance Code in similar circumstances and collecting cases).

In the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand. *See Birch*, 2015 WL 5125885, at *2 ("Because removal jurisdiction implicates federalism concerns, '[a]ny ambiguities are construed against removal and in favor of remand.'" (citations omitted)); *see also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013).  Indeed, the Court declines to usurp the authority of Texas courts to determine whether Texas law provides the requested relief against adjusters as a matter of law and instead only asks whether there is a reasonable basis to predict that Shade Tree might be able to recover against Knox or Ruscher. *Smallwood*, 385, F.3d at 573.  Considering the myriad other district court cases finding claims for violations of the Texas Insurance Code exist under circumstances similar to those alleged by Shade Tree, including *Linron* and its progeny, and considering the federalism concerns favoring remand, the Court finds Defendants have not met their heavy burden of showing there is *no possibility* Shade Tree could recover against Knox or Ruscher in state court.

## Conclusion

Having found Shade Tree could at least potentially recover against Knox and Ruscher for violations of, at a minimum, § 541.060(a)(2)(A), the Court finds Knox and Ruscher were not improperly joined.  Because a single actionable claim against either Knox or Ruscher destroys diversity, the Court need not consider Shade Tree's remaining claims, and remands the case to the 335th Judicial District Court of Lee County, Texas.

Accordingly,

IT IS ORDERED that Plaintiff Shade Tree Apartments' Motion to Remand [#8] is GRANTED;

IT FURTHER ORDERED that this case is REMANDED to the 335th Judicial District Court of Lee County, Texas;

IT IS FINALLY ORDERED that the Clerk of Court shall mail a certified copy of this order to the Clerk of the 355th Judicial District Court of Lee County, Texas.

SIGNED this the __11th__ day of December 2015.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE